IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JEFFREY A HOFFMEISTER, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Case No.: |
| V. ) | |
| ) | |
| NORTH AMERICA INDUSTRIAL ) | JURY TRIAL DEMANDED |
| SERVICES, ) | |
| ) | |
| DEFENDANT(S). ) | |

## COMPLAINT

## JURISDICTION

1. This is a suit authorized and instituted under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., (ADA).

2. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). The plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## PARTIES

3. Plaintiff, Jeffrey A Hoffmeister, ("Plaintiff" or "Hoffmeister") is a resident of Athens, Limestone County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the

events of this case. Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the Northeastern Division.

4. Defendant North America Industrial Services ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama. It is subject to service of process in Alabama.

5. Defendant employed at least fifteen (15) people during the current or preceding calendar year.

## FACTS

6. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

7. North American Industrial Services, Incorporated, is one of the largest privately-held industrial services companies in the country[1].

8. Evergreen has more than 1,000 employees.

9. Hoffmeister is a person with a disability, Bi-lateral Carpal Tunnel, and Cubital Tunnel Syndromes, and missing digits on his right hand.

10. The plaintiff began his employment with the defendant on or about December 1, 2014, as a Mechanic.

11. Hoffmeister was qualified for his job as a Shop Manager Mechanic.

---

1 https://www.enais.com/about-us

12. Hoffmeister can do the essential functions of his job with accommodation for his disabilities.

13. The primary function of the plaintiff's job was assessing broken or damaged equipment to decide how to repair them in the most timely and cost-effective manner so it could be returned to the company's workers in the field.

14. Hoffmeister has no significant discipline history in his personnel file.

15. The defendant never told Hoffmeister his performance was below standards.

16. On or about April 1, 2018, Hoffmeister informed his employer he would need to take time off from work to have surgeries related to his carpal and cubital tunnel syndromes.

17. On or about June 6, 2018, Hoffmeister took FMLA leave for the surgery.

18. Initially, his doctor thought that his surgery would heal in time for him to return before his FMLA ended, however, because Hoffmeister had complications, he requested, and the Defendant granted an accommodation, more leave to recuperate from his surgery.

19. In August 2018, Hoffmeister texted his supervisor, Will Hearn, and asked if he could return to work with a light-duty restriction.

20. Hearn texted Hoffmeister back a thumbs-up emoji indicating that Hoffmeister could.

21. On or about September 24, 2018, Hoffmeister told Hearn he was ready to come back to work with a single temporary restriction, a limitation on lifting over 10 pounds with his right hand.

22. Hoffmeister was able to use his left hand as usual.

23. Hoffmeister had no lifting restrictions with his left hand.

24. Hoffmeister sent Hearn a copy of the release from his doctor.

25. Hearn replied, "Great."

26. The next day, as Hoffmeister was preparing to bring the paperwork from the doctor, he received a text from Hearn.

27. Hearn told Hoffmeister that the company would not entertain his accommodation request and chose instead to terminate his employment.

28. The defendant did not contact Hoffmeister to discuss whether assistive devices would allow him to do his job.

29. The company has two forklifts as well as a lifting device made for the forklift for lifting heavy equipment in the shop.

30. The defendant did not provide Plaintiff an opportunity to engage with his doctor to determine if the duration of the restriction could be shortened or re-evaluated at a shorter interval.

31. The defendant made no effort to return Hoffmeister to work with the lifting restriction for a duration of fewer than seven months.

32. The defendant made no effort to consult with Hoffmeister to determine how frequently the need to lift 50 pounds arises.

33. Lifting 50 pounds is not, in fact, an essential function of the plaintiff's job.

34. There were other employees in the facility to assist Hoffmeister to lift 50 pounds on the rare occasions when it was necessary to lift items with his affected arm.

35. Assistive devices exist, which would make it possible to lift 50 pounds without the use of Hoffmeister's healing arm.

36. Lifting 50 pounds is not a highly specialized task.

37. The Plaintiff did not spend a significant portion of his time as a Shop Manager Mechanic lifting 50 pounds.

38. Hoffmeister's primary duties were taking phone calls, making decisions and arrangements for repairs, maintaining DOT required repair records, and ordering repair parts.

39. Hoffmeister performed those duties for the Decatur facility as well as the West Rock Paper Mill, the Georgia Power Mill, Pine Bluff Arkansas, and International Paper Georgia.

40. The defendant made no effort to engage with Hoffmeister to determine if he could lift the required amount with his unaffected arm.

41. The defendant made no effort to determine whether the lifting requirements could be satisfied in another way during the limited period he would need assistance.

42. Instead, Defendant unilaterally terminated Plaintiff's employment on or about September 25, 2019.

## COUNT ONE ADA FAILURE TO ACCOMMODATE

43. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

44. The plaintiff suffers from a physical impairment.

45. The plaintiff's missing fingers, Bilateral carpal tunnel, and cubital tunnel syndromes affect him such that the major life activities of performing manual tasks are significantly restricted as compared to the average person in the general population.

46. The plaintiff required reasonable accommodation of time off from work to recover from surgery.

47. The plaintiff required the reasonable accommodation of a lifting restriction while he recuperated from surgery.

48. The plaintiff requested that the defendant provide reasonable accommodation.

49. The defendant failed to engage in the interactive process required by the Americans with Disabilities Act even though Plaintiff could perform the essential functions of his job.

50. Because of the defendant's violation of the ADA, the plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## COUNT TWO ADA DISCRIMINATION - TERMINATION

51. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as is set out herein.

52. The plaintiff suffers from the physical impairment of Bilateral carpal tunnel and cubital tunnel syndromes.

53. The defendant knew of Plaintiff's disability.

54. Plaintiff's Bilateral carpal tunnel and cubital tunnel syndromes affect him such that the major life activities of performing manual tasks are significantly restricted as compared to the average person in the general population.

55. The plaintiff could perform the essential functions of his job with or without accommodation for his disability.

56. At all times relevant to this complaint, the Plaintiff performed the essential functions of his duties as a Shop Manager Mechanic in a satisfactory or better manner.

57. On or about September 25, 2018, Defendant terminated the plaintiff's employment, citing his disability as the reason.

58. There is no logical, medical, or other bases to believe that the plaintiff's disability would prevent the plaintiff from performing the essential functions of the job.

59. But for the plaintiff's disability, the defendant would have retained the Plaintiff in his position as a Shop Manager Mechanic.

60. The defendant violated the ADA by terminating his employment because of his disability.

61. Because of the defendant's violation of the ADA, the plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## COUNT THREE– ADA — RETALIATION

62. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

63. The plaintiff was qualified for his position and able to perform the essential functions of the job.

64. In or around August 2018, Plaintiff engaged in protected activity when he requested an accommodation for his disability, time off from work to recover from surgery.

65. On or about September 24, 2018, Plaintiff engaged in protected activity, when he requested an accommodation for his disability, light-duty involving restricted lifting for a limited duration.

66. On or about September 25, 2018, Will Hearn terminated Plaintiff's employment.

67. But for Plaintiff's protected activity, Defendant would have retained Plaintiff in his position as a Shop Manager Mechanic.

68. The defendant violated the ADA by terminating the plaintiff for engaging in protected activity.

69. Because of the defendant's violation of the ADA, the plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the Americans with Disabilities Act;

B. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position he would have had, had he not been terminated;

C. Award him back pay, with employment benefits, front pay, compensatory damages, punitive damages, and nominal damages;

D. Attorneys' fees and costs;

E. Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

F. Any different or additional relief as determined by the Court to which Plaintiff is entitled.

/s/ Kira Fonteneau
Kira Fonteneau (FON007)

**OF COUNSEL:**

The Fonteneau Firm LLC
A Member of the Five Points Law Group LLC
2151 Highland Avenue, Suite 205
Birmingham, Alabama 35205
T: 205.564.9005  F: 205.564.9006

/s/ Daniel B Snyder
Daniel Snyder

**OF COUNSEL**

Gaines LLC

2160 Highland Avenue, #101,
Birmingham, AL 35205
T: 205.598.5055

## PLEASE SERVE DEFENDANT AS FOLLOWS

North America Industrial Services
237 Ipsco Road
Decatur, AL 35601

C T Corporation System
2 N Jackson ST STE 605
Montgomery, AL 36104